The opinion of the Court was delivered by
Bermudez, C. J.
Tins is a petitory action based on a tax sale. The defense is, that the property was purchased by Lemle, who is the intervenor, at a judicial sale of the succession real estate, there being, at the time, no registry of plaintiff’s alleged title; that the defendant acquired the land bona fide, and that it is not until after those conveyances had been made, that plaintiff’s title was recorded. From a judgment against him, the plaintiff has appealed.
The evidence shows, that on the 11th of March, 1878, Lemle bought the land for $430, from the succession of King, act recorded March 23, 1878; that on the 22d of November, 1879, he sold it to Fountain for $600, act recorded same day; that on the 16th of January, 1880, *988 an Auditor’s tax deed was recorded in favor of plaintiff to the land in question, as adjudicated to him on Dec. 3d, 1877. The Auditor’s deed is dated Doc. 6th, 1879. The adjudication to plaintiff was for $27. He values the property at moro than $1,000, and claims $620 as rent, in addition.
It is apparent that when Lemle purchased the land from the succession of King, he had no notice that it had been previously adjudicated to the plaintiff by the tax collector, and that such is also the case with Fountain.
• In order to bind third parties, it is clear that the evidence of the title, which plaintiff claims to have acquired at the tax sale, should have been recorded, and that, in the absence of such timely registry, his pretensions cannot be recognized, unless he can show that he was dispensed from such recordation. To accomplish this, he points to Act 96 of 1877, Sec. 56, which is to the effect, that tax collectors are authorized to give a title to purchasers of property sold in pursuance of the Act. It also provides, that if the property sold is movable, the delivery shall be made at once, but if it consists of real estate, the delivery shall take place only on the expiration of the time fixed for the redemption of the same.
From the terms and tenor of this Section, the plaintiff argues, that as the law does not require vain things, and as it was impossible for him to have obtained a title to theland before tlie.expiration of the redemption delay, viz: two years, it was beyond human power to have put any written evidence of record previous to the judicial sale.
We do not read the law in the same light. It first authorizes tax collectors to give a title to purcliasers at tax sales, and next authorizes delivery of the property, and regulates the time at which it is to take place : at once, when movable ; two years afterwards, if immovable and unredeemed.
The collector, on receiving the price, was bound to give a certificate or proces verbal of adjudication to the purchaser, conferring on him a defeasible title. In case of refusal, he could have been compelled to do so by process of law. The very receipt which he probably gave, with mention of price and description, could have proved as a valid substitution. Either could and should have been recorded. The deed or title made by the'Auditor is intended to be a confirmation of that issued by the collector, and to vest a permanent or absolute ownership in the purchaser, positis ponendis.
An adjudicatee at a sheriff’s sale is placed in no better predicament. C. C. 2266; 21 An. 591; 22 An. 113; 1 An. 249 ; 3 R. 160; 11 L. 490; 2 R. 378 ; 32 An. 927, 1012.
Judgment affirmed with costs.